UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MONROE L. COLEMAN, | ) | |
| | ) | Civil No. 12-157-GFVT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICHARD B. IVES, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Monroe Coleman is an individual confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Coleman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) computation of his good time credits and his parole eligibility date. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Coleman's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007).  Because the Court requires more information in order to properly consider Coleman's

claims, the respondent Warden will be directed to file a response to his habeas petition.

**I**

Coleman states that he was convicted in D.C. Superior Court of (1) Armed Robbery; (2)

Assault with Intent to Commit Robbery While Armed; (3) First-Degree Murder; and (4)

Possession with Intent to Distribute Heroin.  Coleman does not specify when he was convicted

on these offenses, but he does state that they occurred during 1983 and 1984, suggesting that

they may not have occurred on the same date and/or that he may have been convicted on these

offenses on different dates.[1]  Coleman states that he received a sentence of twelve years to life on

the Armed Robbery and Assault with Intent to Commit Robbery While Armed charges, a

mandatory sentence of twenty years to Life on the First-Degree Murder charge, and a sentence of

twelve to thirty-six years on the Possession with Intent to Distribute Heroin charge. [R. 1, pp. 1-

2] Coleman does not specify whether these sentences were imposed on the same date or on

different dates, and he does not specify whether they were concurrent or consecutive sentences.[2]

In responding to Coleman's Administrative Remedy #675097, the Warden stated that:

> An investigation of your request reveals 2,880 days of statutory good time (SGT)
> have been applied to reduce your parole eligibility date (PED) to March 22, 2021.
> Prior to application of the SGT, your PED was February 8, 2029.

---

[1]   In denying Coleman's Administrative Remedy #675097, the BOP states that Coleman's
sentence began on January 27, 1986. [R. 3-1, p. 6]  The BOP's reference to one sentence
suggests that Coleman may have been tried and convicted on all of these offenses at one time,
rather than at different times.  Thus, it may be that Coleman committed these offenses in 1983
and 1984, but did not go to trial until much later and was not sentenced until January 27, 1986.

[2]   There is no BOP Sentencing Monitoring Computation Data (SMCD) in the record, without
which the Court cannot determine whether (1) Coleman's sentences have been aggregated; (2)
they are consecutive or concurrent sentences; and (3) Coleman was given jail credit for any time
spent in custody on these offenses prior to sentencing.

[R. 3-1, p. 7]  In denying Coleman's appeal of his Administrative Remedy, the BOP has further advised Coleman that 352 days of jail credit have been deducted from his sentence that began on January 27, 1986, and the BOP reiterates that Coleman is eligible for 2,880 days of SGT, resulting in a PED of March 22, 2021. [R. 3-1, p. 8]

Coleman states that he has been incarcerated a few months short of 28 years.[3]  He contends that he is entitled to more good time credits and/or additional types of good time credits (educational, meritorious, institutional (statutory), and industrial) on his sentence than the BOP has awarded him, resulting in a miscalculation of his parole eligibility date (PED).  Coleman submits that the BOP has applied the wrong policy to him in determining the amount SGT and other good time credits to which he is entitled.  When he receives all of the good time credits he has allegedly earned, his PED should be sooner than March 22, 2021.

## II

Coleman was convicted in D.C. Superior Court, rather than a federal district court. Consequently, calculating Coleman's sentence, determining the amount and type of good time credits which he may earn, and arriving at his PED is an onerous task, made more so because Coleman is an "old law" D.C. Code offender, having committed his offense conduct prior to April 11, 1987.  The BOP's calculation of sentences for D.C. prisoners is set out in its Program Statement ("PS") 5880.33, entitled <u>District of Columbia Sentence Computation Manual</u>, a 110-page manual, detailing the calculation of D.C. sentences and the award of good time credits.  The

---

[3]  Because there is no SMCD in the record, the Court cannot (1) determine when Coleman was convicted, what types of good time credits he has received during the course of his nearly 28 years of incarceration, how the BOP determined that Coleman is entitled to 2,880 days of SGT on his sentence, (2) verify that Coleman has been given 352 days of jail credit sentence, and (3) otherwise determine the accuracy of the BOP's calculations in arriving at Coleman's PED.

calculation of a D.C. sentence and the award of good time credits varies depending on when an offense was committed or when a sentence was imposed.  Chapter 11 of PS 5880.33, entitled "Calculation of Sentence for Offenses Committed Prior to April 11, 1987" appears to apply to Coleman.[4]  More detailed information concerning "old law" prisoners, such as Coleman, is contained in the Sentence Computation Manual - Old Law, which is archived and is available to BOP staff in the Archived Policy area on Sallyport.  *See* PS 5880.33, page 1.[5]

As a result, calculating Coleman's PED is different and much more complicated than it would be for inmates who are not "old law" inmates and for those convicted of federal offenses. *See, e.g., Wellington v. Hogsten*, 2012 WL 1565260 (E.D. Ky. May 1, 2012).  In Coleman's case, presently there is insufficient information to determine whether the BOP has awarded him all of the credit on his sentence to which he is entitled and has correctly determined his PED.  For these reasons, the Warden will be directed to respond to Coleman's habeas petition.

## III

Accordingly, **IT IS ORDERED** that:

1.      The Respondent in this action is Richard B. Ives, Warden at USP-McCreary.  The Clerk is directed to terminate Charles E. Samuels as a named respondent.

2.      The Warden is directed to file a response to Coleman's habeas petition filed pursuant to 28 U.S.C. § 2241.

---

[4]    Additionally, BOP PS 5884.02, Educational Good Time Sentence Credit for D.C. Code Offenders, may also be applicable to Coleman, as he states that during his incarceration, he has earned his GED, Associate Paralegal Degree, has had Culinary Arts Training, has participated in Computer Training, completed the Barbering Training Class, CODE, LIFE CONNECTIONS, and CHALLENGE PROGRAMS, as well as other educational courses.  [R. 1, p. 2]

[5]    The BOP advises that for non-BOP staff, rescinded policy may be obtained through a request made pursuant to the Freedom of Information Act.  *Id.*

3.      The Clerk of the Court shall prepare the documents necessary for service of process upon Coleman's custodian, Richard B. Ives, Warden, United States Penitentiary-McCreary, Pine Knot, Kentucky.

4.      The Clerk of the Court shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

      a.      a completed summons form;
      b.      the habeas petition and attachments thereto [R. 1];
      c.      this Memorandum Opinion and Order; and,
      d.      a completed USM Form 285.

5.      Additionally, the Clerk of the Court shall make a copy of the above-described documents, with each set containing the following:

      a.      a copy of all completed summons forms issued to the respondent;
      b.      a copy of all completed USM Forms 285;
      c.      one copy of the habeas petition and all attachments [R. 1]; and
      d.      one copy of this Memorandum Opinion and Order.

6.      The Deputy Clerk shall present the Service Packet(s) and copies to the United States Marshals Service (USMS) in London, Kentucky.

7.      Service of Process upon the Respondent, Richard B. Ives, Warden, shall be conducted by the USMS in London, Kentucky, by serving a Service Packet *personally* upon him, through arrangement with the Federal Bureau of Prisons.

8.      The USMS must complete service on the named respondent by serving the copies described in above paragraph 4 *by certified or registered mail* to:

      a.      one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
      b.      one set to the Office of the Attorney General of the United States in Washington, D.C.; and
      c.      one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

9.      The petitioner **SHALL**:

5

a.  Immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

b.  Communicate with the court *solely* through notices or motions filed with the Clerk's Office.  **The court will disregard correspondence sent directly to the judge's chambers.**

c.  In every notice, motion, or paper filed with the court, certify in writing that he has mailed a copy to every defendant (or his or her attorney) and state the date of mailing.  **The court will disregard any notice or motion which does not include this certification.**

This 30th of April, 2013.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**